UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SANDRA ROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-537 |
| | ) | (VARLAN/GUYTON) |
| KIMBLE CHASE LIFE SCIENCE AND | ) | |
| RESEARCH PRODUCTS, LLC, and | ) | |
| RUSSELL BEARDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

This civil matter is before the Court on defendant Russell Bearden's ("Bearden") Motion to Dismiss [Doc. 14], in which Bearden moves the court to dismiss plaintiff's Employment Retirement Income Security Act ("ERISA") retaliation claim. Plaintiff submitted a response [Doc. 18], to which Bearden replied [Doc. 19]. Upon consideration of the arguments of the parties and review of the relevant case law, Bearden's motion to dismiss [Doc. 14] will be denied.

**I.     Background**[1]

This dispute arises from plaintiff's June 2012 termination from the human resources department at defendant Kimble Chase Life Science and Research Products, LLC's ("Kimble Chase") manufacturing plant in Rockwood, Tennessee, where plaintiff

---

[1]For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint" (citations omitted)).

had been employed since 2003 [Doc. 1 ¶ 8]. In 2009, plaintiff was diagnosed with a health condition affecting the nerves of her right leg which affected many of her daily life activities, including walking and working [*Id.* ¶ 11]. The condition also necessitated several surgical procedures to alleviate symptoms of the condition, which required plaintiff to take medical leave under the Family Medical Leave Act (FMLA) for extensive periods of time. Specifically, plaintiff requested and was granted FMLA leave for a period of twelve weeks beginning in April 2010, six weeks beginning in September 2011, and another six weeks beginning in March 2012 [*Id.* ¶ 12].

In response to plaintiff's taking FMLA leave, Bearden, who was the human resources manager for Kimble Chase and plaintiff's supervisor, began making discriminatory remarks to and taking retaliatory actions against plaintiff. These discriminatory remarks included an email in which Bearden instructed plaintiff to "get off her butt," comments regarding plaintiff's extended period of time for recovery from surgical procedures, and, on one occasion, mocking her use of a cane following those procedures [*Id.* ¶¶ 17-18]. In December 2011, Bearden reassigned plaintiff from first shift, the day shift, where she had previously worked, to third shift, the night shift [*Id.* ¶ 18]. During this time period, Bearden also began to criticize plaintiff's work, followed by a series of oral and written disciplinary warnings on May 11, 2011, May 16, 2011, and again on January 2012 [*Id.* ¶ 16].

On June 1, 2012, approximately one week after plaintiff returned from FMLA leave for her third surgical procedure, Bearden requested that plaintiff attend a

2

departmental meeting for all human resource employees [Doc. 1 ¶ 23]. When plaintiff arrived at the meeting, however, she came to realize that the meeting only involved herself, Bearden, and Kimble Chase's operations manager [*Id.*]. At that meeting, plaintiff was informed that Kimble Chase was undertaking a reduction in workforce in the human resources department and that plaintiff had been selected for termination [*Id.* ¶ 24].

Plaintiff subsequently commenced this action against Kimble Chase and Bearden, alleging a violation of FMLA's anti-retaliation provisions, 29 U.S.C. § 2915, interference with protected rights under ERISA, in violation of 29 U.S.C. § 1140, and violations of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.*

## II. Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss for failure to state a claim pursuant to Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of a cause of action's elements will not

3

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**III. Analysis**

Bearden argues that plaintiff has failed to state a claim for relief against him under ERISA because ERISA does not impose individual liability. Specifically, Bearden argues that the Sixth Circuit has previously stated that the ERISA definition of "employer" imposes respondeat superior liability on employers, but is not intended to hold those who act on behalf of employers personally liable, citing to *McDowell v. Krawchison*, 125 F.3d 954 (6th Cir. 1997). Bearden also cites to several of this Court's previous opinions concerning ERISA and individual liability, *Snir v. America's Collectibles Network, Inc.*, No. 3:09-CV-298, 2010 WL 2389314 (E.D. Tenn. June 8, 2010), and *Gordon v. America's Collectibles Networks, Inc.*, No.3:09-CV-206, 2010 WL

4

925785 (E.D. Tenn. Mar. 8, 2010), in support of his contention that ERISA does not extend liability to individual defendants.

Plaintiff, in turn, argues that § 1140 makes it unlawful for any person to discharge or otherwise retaliate against an individual for exercising their ERISA rights, and that Bearden's status as an "employer" is irrelevant for purposes of determining liability under § 1140. Plaintiff cites to cases from various courts where plaintiffs were permitted to state a claim for relief under § 1140 against individual defendants in a management capacity to support her argument that someone in Bearden's position at Kimble Chase is subject to individual liability.

29 U.S.C. § 1140 states in relevant part as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, Section 1201 of this title, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140.

A "person," under ERISA, is defined broadly as "an individual, partnership, joint venture, corporation, mutual company, joint stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9). "Employer," on the other hand, "means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan, and includes a group of

5

association of employers acting for an employer in such capacity. 29 U.S.C. § 1002(5). Throughout ERISA, Congress uses the terms "employer" or "person" based upon the type of conduct Congress is regulating in a given provision, rather than using the two interchangeably. Thus, § 1140, as well as 29 U.S.C. § 1141, which prohibits coercive interference with ERISA rights, and 29 U.S.C. § 1149, which prohibits the use of false statements in marketing ERISA plans, use the term "person," while other provisions, such as 29 U.S.C. § 1145, concerning contributions to multiemployer plans, use the more specific term "employer." This language indicates that "Congress chose the term 'person' deliberately and did not intend to limit [§ 1140] plaintiffs to a single defendant, their employer, in this type of case." *Garson v. HVAC Corp.*, Civ. A 10-1612, 2010 WL 4484634 (E.D. Pa. Nov. 8, 2010) (citation omitted).

Similarly, the conduct prohibited by the statute extends beyond retaliatory actions strictly associated with an employer. As the Fourth Circuit has noted, "[a]lthough the verbs used in Section 1140, such as 'discharge,' 'suspend,' or 'discipline' may suggest action by an *employer*, Congress also used broader verbs, such as 'discriminate,' and the much broader term 'person,' in stating by whom such actions would be illegal." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 421 (4th Cir. 1993); *see also Mattei v. Mattei*, 126 F.3d 794, 802-04 (6th Cir. 1997) (noting the broadness of § 1140 in holding that statute extended beyond the employment relationship). Based upon the language of the statute, then, § 1140 does not preclude individual liability for those who retaliate against a plaintiff for exercising their ERISA rights.

6

There is no Sixth Circuit decision answering the exact question of whether an individual supervisor can be liable for retaliation under ERISA. In *McDowell*, relied upon by defendant, the court declined to impose individual liability on a part-owner and operator of several businesses based upon the definition of "employer" as set forth in § 1002, as applied to the Consolidated Omnibus Budget Reconciliation Act ("COBRA") amendments to ERISA. 125 F.3d at 961-62. The case did not involve an action under § 1140. The court's focus was on not extending liability under ERISA's contribution policies to an individual who would otherwise qualify as an "employer" within the meaning of COBRA but was only acting on behalf of an employer. Similarly, although the *America's Collectibles Network* cases from this Court were brought under § 1140, in both cases the plaintiffs only alleged that the individual defendants were "employers" were within the meaning of the statute and did not allege any specific action on the part of the individual defendants that would constitute a violation of the statute, so that this Court dismissed those defendants under the same reasoning set forth in *McDowell*. Here, however, plaintiff has alleged specific violations committed by Bearden that were in retaliation for plaintiff's exercise of her ERISA rights.

The *Mattei* case, cited by plaintiff, also does not dictate the outcome of this case, because that decision concerned a § 1140 suit against a deceased employee's estate where the court held that the plaintiff, the deceased's wife, could state a claim against the estate for discriminating against her. 126 F.3d at 796-797. The court noted that although the employment relationship was the most common attack on an employee's benefit plan

7

rights, it was not the exclusive means. *Id.* at 800. This case, however, concerns a supervisor acting within the scope of his employment, rather than an individual or entity acting outside of the employment relationship.

Other courts have interpreted § 1140 and, based on the statutory language, have concluded that an individual defendant may be subject to liability under that provision. In *Garson*, a case from the Eastern District of Pennsylvania, the plaintiff had been employed by the defendant company for approximately seven years prior to developing certain medical conditions that required more frequent treatment, and thus more frequent use of the health care benefits provided by the company's health insurance plan. 2010 WL 448634 at *1. Plaintiff claimed that several of the managers of the corporation, who were named as individual defendants, complained about the use of her medical benefits, denied her coverage under the company's health insurance plan, and eventually fired her. *Id.* at *2. When the individual defendants moved to dismiss the plaintiff's § 1140 claims, the court noted that the defendant managers, contrary to being outside of the employment relationship, were alleged to be "managers who had authority to, and in fact did, alter [plaintiff's] benefits and terminate [plaintiff's] employment." *Id.* at *5 (citation omitted). Given these allegations, and in light of the language of the statute, the court denied the individual defendants' motion to dismiss, as both were "persons who allegedly discriminated against and discharged a beneficiary for exercising her rights under a protected plan." *Id.* Other cases involving upper level management and corporate officers sued as individual defendants have similarly found that, unlike ERISA provisions

8

that use the term "employer," § 1140 does allow for liability against individual defendants because of its use of the term "person." *See Romero v. Allstate Ins. Co.*, Civ. A. 01-3894, 2010 WL 4670172, *9 (E.D. Pa. Nov. 10, 2010) (denying president of company's motion to dismiss in ERISA interference action and noting that plaintiffs did not seek to hold president responsible solely for violations defendant corporation, but rather his own personal actions); *Simons v. Midwest Tel. Sales & Serv.*, 433 F. Supp. 2d 1007, 1013 (D. Minn. 2006) (permitting § 1140 claim against company president who fired plaintiff); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 257 (W.D. Va. 2001) (denying defendant manager and part-owner's motion to dismiss § 1140 claim when plaintiff alleged that manager and others treated him poorly and eventually terminated his employment for exercising rights under ERISA).

In this case, plaintiff has alleged that Bearden subjected plaintiff to harassment and discrimination as a result of her taking leave to receive treatment for her medical condition. Plaintiff has also alleged that Bearden reassigned her work shift in retaliation for her taking ERISA leave, which also served as the basis for her subsequent termination, in which Bearden was an active participant. Plaintiff is not seeking recovery from Bearden merely in his role as supervisor but for specific actions he took against plaintiff. In light of the language of the statute and the supporting case law, the Court concludes that plaintiff may bring a claim against Bearden for a violation of § 1140.

9

## IV. Conclusion

For the reasons discussed herein, Bearden's Motion to Dismiss [Doc. 14] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE